UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAYNIE DANFORTH, an individual,

    Plaintiff,

vs.                                CASE NO.:

NAV ADVISORS, INC., a Florida profit
corporation, and MARC KORSCH, an
individual,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Laynie Danforth ("Plaintiff"), by and through undersigned counsel, sues Defendants, NAV Advisors, Inc. ("NAV") and Marc Korsch ("Korsch") (collectively, "Defendants"), and alleges as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Sarasota County, Florida and within the jurisdiction of the Middle District of Florida, Tampa Division.

## PARTIES

4. Plaintiff was at all times pertinent a resident and citizen of Sarasota County, Florida. At all times pertinent, Plaintiff worked for Defendants in Sarasota County, Florida.

5. Defendant NAV was and is a Florida profit corporation conducting business in the Middle District of Florida, Tampa Division, and subject to the requirements of the FLSA.

6. Defendant Korsch was and is an individual who owned and/or operated Defendant NAV, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant NAV and over Plaintiff, Defendant Korsch is an employer as defined by 29 U.S.C. § 201 *et seq.*

7. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

8. At all times material, Defendant NAV was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

9. At all times material, Defendant NAV was an employer as defined by 29 U.S.C. § 203(d).

10. Defendant NAV was and is a Florida profit corporation with a principal place of business and conducting business in Sarasota County, Florida, and subject to the requirements of the FLSA.

11. Defendant NAV is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

12. Defendant NAV is a financial services firm. Defendants are in the business of financial advising. Defendants conduct business interstate and nationwide.

## GENERAL ALLEGATIONS

13. Defendant employed Plaintiff in Sarasota County, Florida, most recently as Operations Manager, for approximately six (6) years, through on or about, August 27, 2019.

14. Defendant compensated Plaintiff on an hourly basis, such that no FLSA exemption applies to Plaintiff.

15. Plaintiff regularly worked approximately fifty (50) hours per week (or more) while employed by Defendants.

16. Plaintiff's most recent pay rate for Defendant was $33.50 per hour.

17. Defendant failed to compensate Plaintiff at a rate of time and one half her regular rate for hours worked over forty (40) hours in a work week.

18. Defendant knew that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half her regular rate for all hours worked in a work week over forty (40) hours.

19. Defendant willfully violated the FLSA and failed to provide Plaintiff overtime compensation.

20. To the extent any time records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendant.

21. Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

22. Defendants agreed to toll the statute of limitations on Plaintiff's FLSA claim, effective September 25, 2019.

23. All conditions precedent to this action have been satisfied.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

24. Plaintiff re-alleges paragraphs 1 through 23 as if set forth fully herein.

25. Plaintiff worked more than forty (40) hours in a week for one or more weeks during her employment with Defendant.

26. Defendant failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek for one or more weeks during her employment with Defendant.

27. Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

28. Defendant's violations of the FLSA were knowing and willful.

29. Defendant owes Plaintiff unpaid overtime compensation.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    accept jurisdiction over this action;

    b.    award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c.    award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

    d.    award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e.    entry of final judgment against Defendant;

    f.    declare that Plaintiff was a non-exempt employee of Defendant; and

    g.    award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

s/ Bradley P. Rothman
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*